UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00059-MR-WCM

| CHARLES JORDAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| HUNTER BIDEN, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i), [Doc. 1], and Plaintiff's motion to proceed in forma pauperis, [Doc. 4].

**I. BACKGROUND**

Pro se Plaintiff Charles Jordan ("Plaintiff") is currently housed at the Colorado Mental Health Hospital (CMHH) in Pueblo, Colorado.[1] On February 24, 2025, Plaintiff filed a single-page, unsigned Complaint naming Hunter Biden as the sole Defendant. [Doc. 1]. Plaintiff purports to bring this

---

[1] The CMHH is a high-security forensic hospital that provides in patient behavioral health services for *inter alia* individuals with pending criminal charges that need competency evaluations or that have been found incompetent to proceed. As recently as November 2022, Plaintiff was known to be detained at the Bastrop County Jail in Bastrop, Texas. [Case No. 1:22-cv-101-MR, 11/29/2022 (Court Only) Docket Entry]. As such, the Court assumes here that Plaintiff is a civilly committed detainee.

action on behalf of the "Republic of Texas," the State of North Carolina, the "Tax payers of America," and the "Republic of Ukrane [*sic*]," seeking a jury trial against Defendant Biden "for effecting interstate & international trade of North Carolina" through various alleged criminal convictions. [Id. at 1].

Plaintiff, however, failed to pay the filing fee or file a motion to proceed in forma pauperis ("IFP"). The Clerk, therefore, notified Plaintiff that he must either pay the filing fee or file an IFP motion. [Doc. 2]. Plaintiff filed the pending IFP motion, which he failed to sign. [Doc. 4 at 1]. Rather than engage the futile exercise of requiring Plaintiff to sign the IFP motion, the Court will allow Plaintiff to proceed in forma pauperis for the limited purpose of this Court's initial review only.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's patently frivolous Complaint fails initial review. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

3

Case 1:25-cv-00059-MR-WCM   Document 5   Filed 03/18/25   Page 3 of 6

Additionally, Plaintiff cannot sue on behalf of the purported Plaintiffs. Moreover, Plaintiff states no cause of action or other right to relief personal to himself, only that he wants Defendant Biden to stand trial in this Court for "effecting interstate & international trade of North Carolina." [Doc. 1]. Finally, Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

The Court will dismiss this action without leave to amend, as it is clear that no amendment would cure the deficiencies noted herein. See United States ex rel. Carson v. Manor Care, Inc., 851 F.3d 293, 305 n. 6 (4th Cir. 2017) ("when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend") (citation omitted).

Plaintiff is no stranger to this Court, having filed at least three previous actions, which have been dismissed for his failure to prosecute, as frivolous,

4

Case 1:25-cv-00059-MR-WCM   Document 5   Filed 03/18/25   Page 4 of 6

or for failing to state a claim for relief. [Case No. 1:16-cv-00154-FDW, Docs. 1, 18 (dismissed Complaint under 28 U.S.C. § 1915A(b)(1)); Case No. 1:22-cv-00062-MR, Docs. 1, 11, 12 (dismissed with prejudice for failure to state a claim for relief; Case No. 1:22-cv-00101-MR-WCM, Docs. 1, 5 (dismissed for failure to prosecute)]. Because of this history and the wholly frivolous nature of the instant action, **Plaintiff is cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or a prefiling injunction that would limit Plaintiff's ability to file further lawsuits in this Court**.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 4] is **GRANTED** for the limited purpose of initial review of Plaintiff's Complaint.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 18, 2025

Martin Reidinger
Chief United States District Judge